UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01369

**Morales Perez,**
*Petitioner,*
v.
**Facility Director, T. Don Hutto Residential Center, et al.,**
*Respondents.*

## ORDER

Yanquiel Morales Perez is a native and citizen of Cuba currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing, as well as an amended petition. The amended petition is denied.

## BACKGROUND

On or about January 26, 2026, Petitioner was taken into custody by federal agents in Round Rock, Texas. He has been in federal immigration custody since then, and at the time of filing was detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas. And on May 6, 2026, an immigration judge ordered Petitioner removed to Cuba.

Then, on May 21, 2026, a third-party, non-lawyer, filed a petition for a writ of habeas corpus on behalf of Petitioner. *See* ECF No. 1. The Court ordered this individual to be removed as a party to the case, and gave Petitioner 30 days to properly pursue his habeas corpus claims. *See* ECF No. 3. Petitioner failed to file an amended petition within this time frame, and the Court dismissed the case for want of prosecution.

Later, Petitioner moved to accept his amended petition as timely filed. *See* ECF No. 5. In the amended petition for a writ of habeas corpus, Petitioner contests his detention and seeks immediate release or an individualized bond hearing. Treating his late-coming amended petition as timely filed (and so granting his motion to accept it as such), the Court now addresses the petition itself.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Construing his petition generously, as Petitioner is proceeding *pro se*, the Court reads Petitioner to assert that his preremoval detention is unlawful because it violates Due Process and the Fourth Amendment. His arguments, however, fail.

Petitioner's complaint that his detention is unlawful because he was arrested. *See* Pet. at pp. 19–20. But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 US 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition and collecting cases).

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1] For the reasons set forth

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-

in Part II of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

* * *

The amended petition is denied.

The motion to treat the amended petition for writ of habeas corpus as timely, ECF No. 5, is granted.

The motions to expedite and to require notice of future transfers (ECF Nos. 6, 7) are denied as moot.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 19, 2026.*

ANDREW DAVIS
United States District Judge

cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026), does not preclude this Court from adjudicating or entering final judgment in this case.